Tom, J.E, and Abdus-Salaam, J.,
dissent in part in a memorandum by Abdus-Salaam, J., as follows: I believe that the judgment must be vacated and the matter remanded for a new trial on the negligence claim. The court erred in charging PJI 2:16, which permits a jury to consider customary business practices in determining the standard of care. It was undisputed that in 1987, some manufacturers used safety switches, while others did not. Thus, there was no evidence of a customary procedure or policy that was “reflective of an industry standard or a generally-accepted safety practice” (1A PJI3d 2:16 at 260 [2013]), and the court should not have given this charge, which is based on the jury having heard such evidence. Given that the jury’s verdict was inconsistent in that it found in favor of Volvo on the strict liability theory of recovery, but against Volvo on the negligence claim, I differ with the majority’s view that the charge did not confuse the jury.